RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/25/13
JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

WEYERHAEUSER COMPANY

VERSUS

BURFORD'S TREE, INC.

DOCKET NO.: 1:13-cv-00837

JUDGE DEE D. DRELL

MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss (Doc. 9) filed by defendant, Burford's Tree, Inc. ("Burford"), which was filed on July 26, 2013 and referred to me for report and recommendation on July 29, 2013 (Doc. 11).

Factual Background

On April 24, 2013, Weyerhaeuser Company ("Weyerhaeuser") filed suit against Burford for damage it allegedly caused to a 12.5 mile stretch of timber, trees, seedlings and other forest products located on land Weyerhaeuser either owned or leased in Winn and Caldwell parishes (Doc. 1). A utility right-of-way owned by Entergy of Louisiana ("Entergy") ran adjacent to the Weyerhaeuser land. Burford maintained this right-of-way pursuant to a Master Service Agreement it entered into with Entergy. On an undisclosed date in 2011, Burford sprayed herbicide on the right-of-way and, allegedly, the soil and vegetation on the adjacent Weyerhaeuser land.

Weyerhaeuser sets forth claims pursuant to La.Civ. Code art.

2315 for general negligence and Louisiana Revised Statute 3:4278.1 for timber trespass and piracy. Weyerhaeuser seeks general damages, treble damages, attorney's fees, interest, costs and all other equitable relief.

Law and Analysis

Motion to Dismiss

A motion filed pursuant to Rule 12(b)(6) challenges the sufficiency of a plaintiff's allegations. When ruling on such a motion, we are to accept the plaintiff's factual allegations as true and construe all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009)(quoting Twombly, 550 U.S. at 570). The "plausibility" requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Simply put, if "the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the 12(b)(6) motion should be denied. Id.

Louisiana Revised Statute 3:4278.1

A federal court sitting in diversity applies state substantive law, including the state's choice of law rules and method of

statutory interpretation. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Keenan v. Donaldson, Lufkin and Jenrette, Inc., 529 F.3d 569,572-73 (5th Cir. 2008).

> To determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court. In the absence of a final decision by the Louisiana Supreme Court, we must make an Erie guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case. In making an Erie guess, we must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes, and statutes. Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary source of law in Louisiana. Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

In re Katrina Canal Breaches Litigation, 495 F.3d 191, 206 (5th Cir. 2007)(internal citations omitted).

The current version of Louisiana Revised Statute 3:4278.1, effective August 15, 2011,[1] provides in pertinent part:

> A. (1) It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.

---

[1] The parties do not establish when the alleged wrongful act occurred. At most, we know Burford applied herbicide to the right-of-way at some time in 2011. If the herbicide was applied on or after August 15, 2011, the above statute applies. If the herbicide was applied prior to August 15, 2011, the version of statute enacted in 2009 applies. Regardless of the version used, the language set forth in subsection E remains the same.

. . .

> B. Whoever willfully and intentionally violates the provisions of Subsection A of this Section shall be liable to the owner, co-owner, co-heir, or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney fees and costs.
>
> C. Whoever violates the provisions of Subsection A of this Section in good faith shall be liable to the owner, co-owner, co-heir, or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner, co-owner, co-heir, or legal possessor of the trees.
>
> . . .
>
> E. The provisions of this Section shall not apply to the clearing and maintenance of rights of way or to utility service situations where a utility is acting in good faith to minimize the damage or harm occasioned by an act of God. The provisions of this Section shall not apply to land surveying by or under the direction of a registered professional land surveyor, duly registered under the laws of the state of Louisiana. . . .

Burford contends Weyerhaeuser cannot bring a claim against it pursuant to La. R.S. 3:4278.1 for two reasons: (1) Burford is covered by the exception set forth in subsection E, and (2) Burford's conduct is not the type the legislature sought to deter when it enacted the statute.

<u>Subsection E</u>

The Louisiana Supreme Court has not interpreted subsection E of the statute but the Louisiana Third Circuit Court of Appeal has on two occasions. See, <u>Williams v. Industrial Helicopters, Inc.</u>,

519 So.2d 1180 (3rd Cir. 1988) and <u>Berard v. St Martin Parish Government</u>, 115 So.3d 761 (La.App. 3 Cir. 2013).

In <u>Williams</u>, the court evaluated whether the statute applied at all to the clearing and maintenance of rights-of-way.[2] It noted the intent of the legislature was "to impose severe sanctions upon those who flagrantly disregard the property rights of timber owners" and because the statute called for the imposition of punitive damages, it "must be strictly construed." <u>Williams</u>, 519 So.2d at 1185 (citations omitted).

The court first noted that the exclusion found at subsection D (now subsection E of R. S. 3:4278.1) was "poorly worded" <u>Id.</u> but concluded the exclusion applied to three classes of persons: (1) rights-of-way owners clearing and maintaining their rights-of-way; (2) utilities acting in good faith to minimize damage or harm occasioned by an act of God; and (3) registered land surveyors when they are surveying. <u>Id.</u> It is the court's finding regarding the first class of persons that is important here.

The trial court in Williams had awarded treble damages against both the owner (Concordia Electric Coop) and the contractor (Industrial Helicopters, Inc.). In analyzing the case, the court considered first the applicability of the treble damage statute to the clearing and maintenance of rights of way. The court noted that

---

[2] In <u>Williams</u>, the court examined and interpreted subsection D of Louisiana Revised Statute 56:1478.1. The statute was changed to La. R.S. 3:4278.1 by Acts 1987, No. 144.

5

both the owner and the contractor challenged on appeal the applicability of the statute to them. It is clear that the court analyzed the applicability of the statute as it applies to both the owner and the contractor. It concluded that, because of the exception provided in Subsection D. (now E.) "The provisions of R. S. 56:1478.1[3] are not applicable; the trial court erred in applying the treble damage statute." <u>Williams</u> stands for the proposition that the statute is not applicable to clearing and maintenance of rights of way by the owner or its subcontractor.[4]

The result in <u>Williams</u>, which I follow here, is to apply the statute as written and to strictly construe it:

> "The provisions of this Section shall not apply to the clearing and maintenance of rights of way . . . ."

And that is true even where a utility is acting through another such as its contractor. Both are immune from punitive damages and attorney fees and costs under Section E.

<u>Legislative Intent</u>

Burford also contends it is not a timber pirate that engaged in the act of cutting and selling timber and the statute was never

---

[3] See now R. S. 3:4278.1.

[4] It is unfortunate that when the court listed the three categories of persons to whom the Section E exception applied it inserted the word "owners" which is not found in the statute. Despite the court's use of the word "owners" it nevertheless found that both the owner and its contractor were included within the Section D (now E.) exception and the statute was not applicable to either of them, as discussed above. See <u>Williams</u>, pp. 1184-1185.

intended to apply to situations like the present. In view of the determination made above with respect to the inapplicability of the statute to the clearing of rights of way, we need not decide under what circumstances, if any, the statute could apply other than to timber thieves.

Prescription

Burford contends Weyerhaeuser fails to allege facts sufficient to establish its claims have not prescribed.  Thus, its claim should be dismissed.  Burford misstates whose burden it is to establish whether a claim is timely or not.  If the facts alleged in the petition show that the claim is not timely (is prescribed), then the defendant has the burden to come forth with evidence to prove the same.  La. Code Civ. P. art. 931.

Burford does not point to any allegations in the complaint that establish Weyerhaeuser's claims have prescribed and a review of the complaint fails to reveal any.  Burford contends that it sprayed herbicide on Entergy's right-of-way on an unspecified date in 2011 and that damage caused by the herbicide would have been immediately evident.  Accordingly, Weyerhaeuser should have had constructive knowledge of the damage in 2012 and filed suit prior to April 24, 2013.  This purported evidence does not establish a date of wrongful conduct much less a date of constructive knowledge.  Therefore, Burford has failed to carry its burden of proving Weyerhaeuser's claims are prescribed. If discovery shows

that the case is prescribed, then Burford may re-file its motion to dismiss on that ground.

## CONCLUSION

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (Doc. 9) be GRANTED as to treble damages, attorney fees and costs under LSA-R.S. 3:4278.1 but DENIED as to plaintiff's claims for trespass damages.

## OBJECTIONS

Under the provision of 28 U.S.C. §636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 25th day of October, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE